THE STATE *ex rel.* THE ST. LOUIS, KANSAS CITY & COLORADO RAILROAD COMPANY v. ROMBAUER *et al., Judges.*

Division One, November 12, 1894.

Supreme Court: APPELLATE JURISDICTION: TITLE TO REAL ESTATE: CONSTITUTION. The supreme court, under the constitutional provision conferring appellate jurisdiction "in cases involving title to real estate," has exclusive jurisdiction of an appeal from a judgment setting aside the judgment condemning land for railroad purposes.

*Prohibition.*

WRIT MADE ABSOLUTE.

*L. F. Parker* for relator.

(1)   A proceeding by a railroad company to condemn land for right of way purposes involves the title to real estate and therefore this court has appellate jurisdiction. *Musick v. Railroad*, 114 Mo. 309; *Railroad v. Lewright*, 113 Mo. 660.   (2)   The right so acquired by the road is not only an interest in the land, but is also an exclusive right to its possession. *Railroad v. Peet*, 152 Pa. St. 488; *Railroad v. McGrew*, 104 Mo. 282; *Railroad v. Greve*, 17 Minn. 322; *Railroad v. Combs*, 51 Ark. 328; *Henry v. Railroad*, 2 Iowa, 301.

MACFARLANE, J.—On the petition of relator a rule on respondents, as the judges of the St. Louis court of appeals, was ordered, requiring them to show cause why they should not be prohibited from entertaining jurisdiction of an appeal from the Franklin circuit court, in the case of Joseph T. Perkins against relator, the St. Louis, Kansas City and Colorado Railroad Company. Respondents have made return to the rule.   Upon the pleadings relator asks that the writ of prohibition be made absolute.

It appears from the pleadings that, by proceedings regularly had, relator obtained a judgment of the circuit court condemning certain lands of the said Perkins for the right of way of its railroad, and in the same proceedings a judgment was rendered in favor of the said Perkins for $1,350 damages; but certain of the costs were adjudged against him.   The amount of the damages was duly paid into court, and relator took possession of the land condemned and constructed its railroad thereon.

Afterwards the said Perkins commenced his suit, in equity, to set aside and annul the said judgment of condemnation on the ground that the part of it adjudg-

ing the costs against him was procured by fraud on the part of the relator. The issues in this case were found for the plaintiff and a decree was rendered setting aside said judgment, as being fraudulent and void, from its date. It was further decreed, in substance, that plaintiff recover of defendant $1,350, as damages for taking his land for right of way, and that the title to the land taken be vested in fee simple in defendants.

In due time relator filed its affidavit for an appeal. The transcript was, by order of the circuit court, filed in the St. Louis court of appeals, of which respondents are judges, and that court claims to have appellate jurisdiction of the case. The question we are asked to determine is whether a condemnation proceeding, and judgment thereon, involves the title to real estate, in such a sense as to give this court appellate jurisdiction thereof under the terms of the constitution which give it exclusive jurisdiction of appeals "in cases involving the title to real estate."

It is true that, under the constitution of the state, a railroad corporation has power, without the consent of the owner, to take and hold for railroad tracks, only an easement in land, and no greater interest can be taken by judicial condemnation. But an easement in land, which materially affects the proprietary rights of the owner, affects also his title. The condemnation of land for railroad tracks takes from the owner, and vests in the corporation, practically the right to the exclusive possession and use of his land; and thus, by the judgment, one of the essential elements of a perfect title is taken from one party to the suit, and vested in the other. To that extent the proceedings in condemnation cases are intended to, and the judgment thereunder does, affect the title, and the title is, necessarily, involved in the suit within the meaning of the constitu-

tion.   It follows that the supreme court has exclusive appellate jurisdiction of such cases.

The case of *Railroad v. Lewright*, 113 Mo. 663, was one for the condemnation of land in which the judgment for damages was only $1,350.   The appeal went to the St. Louis court of appeals and was transferred thence to this court, as having exclusive jurisdiction, on the express ground that title to real estate was involved.   44 Mo. App. 212.   While no written opinion on the question of appellate jurisdiction was filed in this court, jurisdiction was taken, and the appeal was determined by it.   As the fact of the transfer, and the ground thereof, is stated in the opinion, the court undoubtedly considered and disposed of the case, as one within its jurisdiction.   We take the case as an authority for the conclusion herein reached.

While, in this case, the suit was originally simply to set aside the judgment in the condemnation case, it is evident, from the judgment rendered, that the railroad company claimed the right to the possession and use of the land for its railroad tracks, and that the court treated the suit, in part at least, as one for the condemnation of land.   The pleadings in the case are not given, but we must assume that the right of possession and use of the land was put in issue.   The judgment vests the right of way in the railroad corporation and the title to the land is involved in the suit as it comes to the appellate court.   *Musick v. Railroad*, 114 Mo. 311.

An absolute writ of prohibition is ordered and respondents are directed to transfer the cause to this court for determination.   All concur.