Wolf River Lumber Co. vs. Brown.

WOLF RIVER LUMBER COMPANY, Appellant, vs. BROWN, Respondent.

*October 30 — November 13, 1894.*

*Injunction to restrain action at law: Replevin for logs: Adequate legal defense: Title to lands: Res adjudicata.*

1. In replevin for logs the complaint alleged as the foundation of plaintiff's title thereto that he was the owner of the land from which they were cut, and the answer alleged that the title to both land and logs was in defendant. *Held,* that defendant, to defeat plaintiff's title, might show that tax redemption receipts upon which his claim to the land was partly based were forged and fraudulent, and that a tax deed under which he claimed was void. In respect to such matters, therefore, defendant has a plain and adequate remedy and defense at law, and they constitute no ground for restraining the prosecution of the replevin action.

2. A judgment in favor of the defendant in such replevin action on the question of the title to the logs would be conclusive as to the title to the lands so put in issue therein, whenever it should come in question between the parties or their privies; and defendant would need no affirmative relief as to such title.

APPEAL from the Circuit Court for *Oneida* County.

This is an action to obtain a perpetual injunction enjoining and restraining the defendant from prosecuting a certain action of replevin, brought in the circuit court for Oneida county by the defendant against the plaintiff, for the recovery of 450,000 feet of pine saw logs, the property of the plaintiff in that action, having certain specified marks, alleged in the complaint therein to have been cut during the winter of 1891–92 from the S. W. ¼ of the S. W. ¼ of section 17, township 39 N., of range 8 E., in Oneida county, Wis., which the plaintiff therein owned in fee simple, and were removed therefrom by the *Wolf River Lumber Company,* the defendant in said action; and it was alleged that it wrongfully took said property from the plaintiff's possession, and had ever since unlawfully and wrongfully de-

tained it, to the plaintiff's damage of $3,500. The answer of the *Wolf River Lumber Company* in the replevin action consisted of a general denial of the complaint, except as it specifically admitted, and alleged that the logs were cut and removed from the lands in question by one Kathan, who was in possession under paper title, claiming to be the owner thereof. This title was, in substance, a certain tax deed of the premises, dated May 16, 1878, to one J. D. Gillett, and another like deed dated September 11, 1879, both of which, it was alleged, were fair on their face and duly recorded; also a certain other tax deed to one John Mercer, dated 27th of June, 1885, in like manner fair on its face and recorded. The answer in the replevin action alleges that said Gillett and Mercer, through mesne conveyances, had conveyed to said Kathan the title so acquired by them prior to cutting said timber, and that he entered thereunder, and cut said timber and logs in good faith, believing said title to be valid; that more than three years had elapsed since the recording of each of said deeds before the commencement of the action, and no proceeding had been brought to set them, or either of them, aside, or to recover the possession of the lands from Kathan; and relied upon the statute of limitations of three years. The material facts in regard to two of the tax titles to the lands in question are substantially the same as in the case of *Brown v. Cohn, ante,* p. 627.

The complaint in this action, after setting out the plaintiff's title as founded upon said tax deeds, alleges that the title of Gillett and Mercer thereunder had been transferred to the plaintiff, and is held and owned by the plaintiff, and that the lands remained vacant and unoccupied for more than three years after each of said deeds was recorded, and that they were in the constructive possession of the tax-deed grantees, and insists upon the statute of limitations of three years as protecting and making perfect said

title; that the defendant sets up a claim to said lands, and to be the owner thereof in fee, and to have title adverse to the plaintiff, but that such claim is illegal, fraudulent, and void and a cloud upon the plaintiff's title to said lands, to its great injury, etc.; that the defendant was the owner of the original or patent title to the lands, and claims that he paid the taxes of 1874 and 1875, for which the lands were sold in the years 1875 and 1876, and that he redeemed said lands from the tax sales thereof made in the year 1875 and in May, 1876, for such unpaid taxes, prior to the issuing of the tax deeds based thereon, and whereby the certificates of sale became void and of no force or effect, and said tax deeds are for that reason null and void; that the defendant pretends to hold such tax or redemption receipts of the county clerk, showing such payment of said taxes and the redemption of said lands prior to the time of issuing said tax deeds, but that the claim of the defendant that the lands were redeemed by him from such sales, and that the taxes for which said lands were sold were paid, is false and fraudulent, and that in fact said taxes for which the said lands were sold and conveyed had never been paid, or in any manner satisfied, except by the sale of said lands; that the pretended receipts of such payment of taxes and redemption are fraudulent, and were in fact never executed or delivered by the county clerk of said county, or by any officer or agent thereof; that they are not matter of record in the proper county offices where it is claimed the same were issued, and are being used by defendant as proof of his pretended claim to said lands, and of the invalidity of plaintiff's title thereto under said deeds. The complaint set out that the defendant claimed that there existed divers legal grounds of objection to the validity of the tax deed to Mercer, stating them at length, and that by reason thereof said tax deed was void, and a cloud on the defendant's title to the lands, and should be ordered to be delivered up and

canceled; that the defendant sets up a claim to said lands under and by virtue of a tax deed issued to him, based on the sale thereof in the year 1888 by the county treasurer of Oneida county, where then situated, for the unpaid taxes of 1887, which deed was issued the 12th of November, 1891, and was recorded in the office of the register of deeds of Oneida county, November 13th of the same year, and claimed that it was void by reason of divers alleged illegalities, and constituted, a cloud upon the title of the plaintiff to said lands, and ought to be set aside; and its willingness to pay the defendant, or into court for his benefit, the amount for which the lands were sold in 1888, and the amount that may have been paid by him for taxes on said premises subsequent to said sale, with twenty-five per cent. interest.

The complaint then alleges the entry upon the lands in question by plaintiff and one Kathan in the logging season of 1891–92, under a contract with the plaintiff, and claiming title under and by virtue of the tax deeds mentioned and certain mesne conveyances from the grantees therein named, and that they cut and removed from said lands a certain quantity of pine timber, in good faith, believing that it had an absolute title in fee simple and the right to cut the same; that thereafter, in June, 1892, the defendant commenced the said action of replevin for the recovery of the possession of said logs so cut thereon by the plaintiff and said Kathan, in which the defendant had answered the complaint; that it was still pending, and the said defendant, *Brown*, intended to prosecute the same, and based his claim of title to said lands, and his right to maintain said action against the said plaintiff for the cutting and removal of said timber, upon his said original title and the said forged, false, and fraudulent tax receipts, which he pretends and claims evidenced the payment and redemption of the taxes upon which the said two tax deeds

to Gillett were issued, and that in that action the plaintiff herein has not pleaded, and could not aver as a basis for affirmative relief, the facts hereinbefore set forth respecting such pretended claim of title and such false and forged receipts, and that the plaintiff cannot in the replevin action obtain the relief prayed for. herein, namely, a cancellation and surrender of such false and forged receipts, and a decree perpetually restraining said defendant from claiming title to said lands; that the prosecution of said action of replevin will injure the plaintiff, and put him to expense and annoyance, and that in said action he will be without remedy in respect to the claim of title of said defendant.

The defendant answered the complaint, insisting that he was the owner of the original title to said lands, and had paid the taxes for which the lands were sold in the years 1875 and 1876, and had redeemed the same from said taxes, and denying the allegations that such claims are false and fraudulent, or that said redemption receipts were void, but admits he is using them to defeat the plaintiff's false and fraudulent title, and to sustain his own, and insists that the tax deed to John Mercer is void; and he admits that he claims title by virtue of the tax deed issued to him, as stated in the complaint, on a certificate of sale of said lands, made in the year 1888, for the unpaid taxes of 1887, but denies the allegations in the complaint in respect to the validity thereof, and alleges a redemption of said lands by him from the sale thereof upon which the tax deed to said Mercer was founded, and insists that the plaintiff has a complete and adequate remedy at law as to the subject matter of this action and the cause of action alleged in the complaint; that the court in which the action of replevin is pending has jurisdiction of the parties and of the subject matter, and all issues in this action can be fully adjudicated and settled in the replevin action.

Upon the pleadings in this action, the pleadings in said

action of replevin having been made exhibits to said answer, the plaintiff moved for a temporary injunction restraining the further prosecution of the replevin action until the further order of the court. The court made an order denying such injunction, from which the plaintiff appealed.

For the appellant there was a brief signed by *Hetzel & Smart*, attorneys, and *Brown & Pradt*, of counsel, and oral argument by *Neal Brown*. They contended, *inter alia*, that a judgment in the replevin action would not be a bar to an action of ejectment involving the title to the land. *Keyser v. Sutherland*, 59 Mich. 455; *Morse v. Marshall,* 97 Mass. 519; *Hargus v. Goodman*, 12 Ind. 629; *Sabins v. McGhee*, 36 Pa. St. 453; *Parker v. Hotchkiss*, 25 Conn. 321; *Chandler v. Walker*, 21 N. H. 286; *Arnold v. Arnold*, 17 Pick. 4; *Stokes v. Fraley*, 5 Jones, Law (N. C.), 377; *White v. Chase*, 128 Mass. 158; *Sawyer v. Woodbury*, 7 Gray, 499; *Johnson v. Morse*, 11 Allen, 540; Newell, Ejectment, 662, § 26. Such a judgment would be *res adjudicata* simply as as to the question of title to the logs described in the complaint, without in any way determining the title to the land, unless it is assumed that with reference to the title to the land the position of the parties remained the same. In the action of replevin neither party could file a *lis pendens* so as to place subsequent purchasers of the real estate involved upon notice. A defense may be complete in the sense that it defeats entirely the particular action as to which it is interposed, and yet in no sense amount to a remedy to the defendant so as to afford him such relief as to forever dispose of the subject of the controversy. *Boyce's Ex'rs v. Grundy*, 3 Pet. 210; *Barber v. Barber*, 21 How. 582. If any affirmative equitable relief is necessary to a full settlement of the controversy, and to a complete protection of the defendant's rights, a court of equity will interfere, entertain a suit for such relief, and enjoin the action at law. 3 Pom. Eq. Jur. § 1363; 1 Story, Eq. Jur.

§ 33; *Watson v. Sutherland,* 5 Wall. 74; Kerr, Inj. in Eq. 582, 589; *Smythe v. Henry,* 41 Fed. Rep. 705; *Gould v. Sullivan,* 84 Wis. 659; *Wilson v. Hooser,* 76 id. 387; *Grignon v. Black,* id. 674. The rule that an injunction will not lie to restrain the prosecution of an action at law to which there is a perfect defense at law has no application in this case because plaintiff's equity is well planted, aside from the relief which it seeks by restraining the replevin action. *Metler v. Metler,* 18 N. J. Eq. 270, and cases there cited; *Cooper v. Joel,* 27 Beav. 313; *Glastenbury v. McDonald,* 44 Vt. 450, 453; *Atlantic De Laine Co. v. Tredick, Stokes & Co.* 5 R. I. 171; *Fernihaugh v. Leader,* 15 L. J. Ch. 458; *Allen v. Davis,* 20 id. 44; *Traill v. Baring,* 33 id. 521; *Bissell v. Beckwith,* 33 Conn. 257; *Bushnell v. Harford,* 4 Johns. Ch. 301; *Hamilton v. Cummings,* 1 id. 517; *Dale v. Roosevelt,* 5 id. 174; *Morris v. Barnwell,* 60 Ga. 147; *Athenæum L. Ass. Soc. v. Pooley,* 3 De G. & J. 294; *Sharon v. Hill,* 26 Fed. Rep. 337; 3 Pom. Eq. Jur. § 1363, note 3; Kerr, Inj. in Eq. 531, 532; 1 High, Inj. (3d ed.), § 66; *Wilson v. Hooser,* 76 Wis. 387.

For the respondent there was a brief by *Alban & Barnes,* and oral argument by *B. B. Park* and *John Barnes.* They argued, among other things, that a court of equity will not restrain an action at law, except when the party seeking to restrain has an equitable defense which he could not interpose in the legal action. *Rogers v. Cross,* 3 Pin. 36; *Pennoyer v. Allen,* 51 Wis. 360; *Marsh v. Edgerton,* 2 Pin. 230; 3 Pom. Eq. Jur. § 1361; *New York v. Brady,* 115 N. Y. 615; *Martin v. Orr,* 96 Ind. 27; *Shaw v. Chambers,* 48 Mich. 355; *Padgett v. Lawrence,* 10 Paige, 170; *Brown v. Haff,* 5 id. 235; 1 High, Inj. §§ 89–91. Actions at law will not be enjoined where the law court can do as full justice to the subject in dispute as a court of equity. 10 Am. & Eng. Ency. of Law, 881; 3 Pom. Eq. Jur. § 1361; *Lansing v. Eddy,* 1 Johns. Ch. 49; *Foster v. Wood,*

6 id. 87; *Palmer v. Hayes*, 93 Ind. 189.  The action at law will be restrained only when it involves only a portion of the controversy, or is likely to leave an apparent record title clouding the legal title in issue.  *Shaw v. Chambers*, 48Mich. 355.  A judgment is conclusive on every question of fact within the issues made, that is litigated on the trial. 2 Black, Judgm. § 609; *Warner v. Trow*, 36 Wis. 195; *Lawrence v. Milwaukee*, 45 id. 306.

PINNEY, J.   1. The question on this appeal is not whether the plaintiff may possibly be entitled to some equitable relief against the defendant upon some one or more of the various matters embraced in the complaint, in respect to which we are not now called upon to give any opinion, but whether the complaint shows any ground for restraining the prosecution of the defendant's action of replevin.  The action of replevin is brought upon the ground that the plaintiff therein was the owner of the lands from which the logs, the subject of that action, were cut and removed by the defendant, who is the plaintiff in the present action, and that as such owner of the lands he owns also the logs in question and is entitled to recover them in his action of replevin.  His ownership of the lands is expressly alleged in his complaint as the foundation of his title to the logs, and this was put in issue by the defendant's answer, and it claimed to be the owner of the lands and of the logs in question as well.  In its complaint in this action, the defendant in the replevin suit makes the same claim of title to the lands and logs, and has set up various grounds upon which it attacks the title of the defendant herein, and insists that it is void. There can be no doubt that the defendant in the replevin suit, under the issue therein, is entitled to show any matter in evidence that will defeat the title of the plaintiff in that action, whether it relates to the validity of the alleged redemption of the lands on which the logs were cut from the tax sales, or to show in that action that the receipts or

certificates of redemption are forged or fraudulent, or that the more recently acquired tax deed of the defendant in this action is void for any of the reasons set out in the complaint herein. It is plain from its complaint in the present action that, as defendant in the action of replevin, it has a plain and adequate remedy and defense at law, and it is elementary that in such case the plaintiff in the replevin action will not be restrained from prosecuting his action at law. *Pennoyer v. Allen*, 51 Wis. 360, 362; *Comm. Bank v. Fire Ins. Co.* 84 Wis. 12, 18, and cases cited.

2. If the plaintiff in this action can successfully defend itself in the legal action without resort to a court of equity, as we hold it may, in respect to the various matters it sets up to show the invalidity of the defendant's title, and is able to make good its claims in that respect, any judgment rendered in the action of replevin on the question of title to the logs, which has been expressly put in issue therein, will necessarily be conclusive on the title to the lands so put in issue, whenever it comes in question between the parties to this action, or their privies, in any other, although brought for a different purpose. For this reason, the plaintiff in this action will not need affirmative equitable relief in respect to its title. A judgment in favor of the defendant in the replevin action, upon the question of title to the logs, will be conclusive, not only as to the *res* of that case, but as to all further litigation between the same parties touching the same subject matter, though the *res* itself may be different. *Beloit v. Morgan*, 7 Wall. 619; *Gardner v. Buckbee*, 3 Cow. 120; *Taylor v. Matteson*, 86 Wis. 120; *Warner v. Trow*, 36 Wis. 196; *Lawrence v. Milwaukee*, 45 Wis. 306; *Morse v. Marshall*, 97 Mass. 522; *Doty v. Brown*, 4 N. Y. 71; *Babcock & Co. v. Camp*, 12 Ohio St. 12.

The circuit court rightly refused to grant the injunctional order applied for.

*By the Court.*— The order of the circuit court is affirmed.