JOHNSON v. COLTON *et al.*; COLTON, *Appellant.*

127 473
74a 65

Division One, March 12, 1895.

_Appellate Practice: EVIDENCE: HARMLESS ERROR. A decree in
equity will not be reversed for error in the admission of testimony,
where it is_ supported by the weight of the competent evidence.

*Appeal from Saline Circuit Court.*—HON. RICHARD
FIELD, Judge.

·_AFFIRMED._

*Boyd & Murrell* for respondent.

(1) The court erred in permitting witnesses to
:repeat what defendant Thompson had said to them,
·especially witness John M. Johnson, for reasons:
*First.* That Thompson had parted with all interest he
·ever had in the notes and deeds of trust before, his
statements testified to were made and he could not
:then impress the title of his assignee as fraudulent.
He was not in possession. *Second.* There was no
:joint interest between defendants Colton and Thomas,
:and no evidence tending to show a conspiracy as
·charged in the petition, and the declarations of
Thompson were made long after, and not in furtherance
·of any object of, such alleged conspiracy. Greenleaf's
Evidence, secs. 111, 174; *Albert v. Besel*, 88 Mo. 154;
*Farrar v. Snyder*, 30 Mo. App. 98, 99; *Holliday v.
Jackson*, 31 Mo. App. 265; *Strotmeyer v. Zeppenfeld,*

28 Mo. App. 273; *Hambright v. Brockman*, 59 Mo. 52. (2) Even if it be the fact that plaintiff was drunk when he executed the deed of trust of December 6, the deed of trust is still good in favor of a *bona fide* purchaser of the note before maturity. *Bradwater v. Dame*, 10 Mo. 277; *Eastin v. Perry*, 29 Mo. 96. And good, even if no consideration. *Burrows v. Alter*, 7 Mo. 24; *Blount v. Spratt*, 113 Mo. 55.

*L. W. Scott, James Cooney* and *W. D. Bush* for respondent.

BRACE, P. J.—This is an action in the nature of a bill in equity, instituted in the circuit court of Saline county against John B. Colton, Samuel C. McPherrin, W. A Thompson and the Farmers' and Mechanics' Bank of Galesburg, Illinois, to set aside and cancel two promissory notes, one dated the fifth day of December, 1889, for the sum of $1,383.80, and the other, dated the sixth {day of December, 1889, for the same amount, both payable to W. A. Thompson; also two deeds of trust given to secure the same, of corresponding dates, executed by the plaintiff, and a trustee's deed, executed in pursuance of a sale made under the second of said deeds of trust. The finding and decree of the circuit court was, in substance, as follows:

"That the plaintiff, M. C. Johnson, executed the promissory note and deed of trust of December 5, 1889, and on the sixth day of December, 1889, executed the note and deed of trust of date December 6, 1889; that both said notes and deeds of trust were by the said W. A. Thompson, soon after the execution, assigned and transferred to defendant, John B. Colton, and that the note and deed of trust of December 6, 1889, was assigned thereafter by the said John B. Colton to the Farmers' and Mechanics' Bank, of Gales-

burg, Illinois. That on the tenth day of January, 1891, Samuel C. McPherrin, trustee in said deed of trust of date December 6, 1889, by authority of a notice given under the powers of said deed of trust, sold, at public sale, the property described in said deed of trust to pay the promissory note therein described; that the property sold was purchased by John B. Colton for the sum of $1,466.70 and said trustee executed to John B. Colton a trustee's deed for said real estate, and the same was recorded on the twenty-third day of February, 1891.

"And the court further finds that said deeds of trust and notes were executed by the plaintiff by signing his mark, and under the belief that he was securing thereby a loan of $300 from said John B. Colton. That the said plaintiff is unable to read or write and at the time of the execution of said notes and deeds of trust he had no knowledge of their contents; that he did not borrow the sum of $1,383.80, nor any other sum, from said Colton or Thompson and that they, nor either of them, paid to said Johnson any sum of money in consideration of said notes and deeds of trust; that on account of the ignorance of plaintiff and stupidity of plaintiff caused by liquor at the time of making his mark to said notes and deeds, and the apprehension he was laboring under that he was only securing a loan of $300, and the influence and the misrepresentations of the said Colton and Thompson, said notes and deeds of trust were not the acts and agreement of plaintiff.

"The court doth further find that the said John B. Colton did not become an innocent purchaser of said notes and deeds of trust by the assignment of them to him by said Thompson; that said Colton had full knowledge how said notes and deeds were obtained from plaintiff, and that he and said Thompson did conspire and confederate for the purpose of obtaining

from plaintiff said notes and deeds without any consideration therefor. That said notes and deeds were obtained from plaintiff and he was induced to sign the same through the fraud of said Colton and Thompson and without consideration to said plaintiff. That the subsequent assignment of said note to the Farmers' and Mechanics' Bank, of Galesburg, Illinois, was fraudulent, and for the purpose of placing the same apparently only in hands of innocent purchasers; that said bank had knowledge of said fraud and that said Colton was the full beneficiary of said fraud and never received anything from said bank for said note; that the sale of said premises by said trustee was a fraud upon plaintiffs's rights and a cloud upon his title. The court finds that both said notes and deeds of trust and the said trustee's deed are all fraudulent and void.

"Wherefore the court doth order and decree that both said notes be canceled and held for naught, and that said deeds of trust be declared null and void and that the same be hereafter held for naught, and that said trustee's deed made by said McPherrin to said Colton be and the same is declared null and void and to be held for naught, and that defendants or their assigns be forever prohibited from setting up any claim to said premises or try to enforce the collection of said notes by reason of any claim or interest which they may have in or derive from said notes and deeds of trust and trustee's deed."

From this decree, the defendant Colton appeals.

The only error assigned on the trial of the cause, was the admission of certain declarations of the defendant Thompson. After eliminating all such declarations as might be considered objectionable, and confining ourselves strictly to a careful consideration of the clearly legal evidence in the case, we find it impossible to say that the foregoing finding of facts by

the trial court is not supported by the weight of the evidence; and the decree being warranted by the finding, the judgment of the circuit court is affirmed. All concur.