Fischer v. Johnson.

---

FISCHER, *Appellant*, v. JOHNSON *et al.*

In Banc, June 8, 1897.

<table>
<tr><td>139</td><td>433</td></tr>
<tr><td>f141</td><td>480</td></tr>
<tr><td>143</td><td>92</td></tr>
<tr><td>144</td><td>206</td></tr>
<tr><td>74a</td><td>65</td></tr>
<tr><td>75a</td><td>437</td></tr>
<tr><td>139</td><td>433</td></tr>
<tr><td>147</td><td>636</td></tr>
<tr><td>149</td><td>449</td></tr>
<tr><td>139</td><td>433</td></tr>
<tr><td>158</td><td>323</td></tr>
<tr><td>85a</td><td>120</td></tr>
</table>

1. **Appellate Jurisdiction**: REPLEVIN: SUITS INVOLVING TITLE TO REAL ESTATE. A cause can not be appealed to this court as involving title to real estate unless the title in some way be affected by the judgment to be rendered on the entire case as made by the pleadings and evidence.

2. ——: ——: ——. Title to real estate may be inquired into in an action of replevin for the purpose of determining the owner of crops that have grown on the land, yet a suit in replevin can not be made the means of determining the title, for the title is not within the issues to be tried, and will not in any wise be affected by the judgment.

3. ——: ——: DEED OF TRUST: CROPS. The ownership of crops, in an action in replevin, depended on the question of whether or not a deed of trust was procured by fraud. The verdict showed that the jury believed it was fraudulently procured. This court *holds* that

such a cause is not one so involving title to real estate within the meaning of the Constitution as gives the Supreme Court jurisdiction on appeal. (BARCLAY, C. J., dissenting.)

*Transferred from Kansas City Court of Appeals.*

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*E. J. Sherlock, P. C. Phillips,* and *Boyd & Murrell* for appellant.

*L. W. Scott, James Cooney,* and *W. D. Bush* for respondents.

BRACE, J.—This is an action of replevin for the recovery of a crop of wheat and rye, cut and shocked on the premises where grown. The verdict and judgment in the circuit court was for the defendants, and the plaintiff appealed to the Kansas City Court of Appeals, by which court it was transferred to this court on the ground that title to real estate was involved in the case.

This is the second appeal by the plaintiff. The first from a judgment of the circuit court in favor of the defendant was reversed by the Kansas City Court of Appeals. 51 Mo. App. 157.

The facts in the case are substantially as follows: The defendant, M. C. Johnson, being the owner of a farm in Saline county, on the ninth of September, 1889, leased the same to the plaintiff for a term beginning on the first day of October, 1889, and ending on the first day of March, 1891, and he went into possession of the same under his lease in October, 1889. Afterward, on the sixth day of December, 1889, the said Johnson executed a deed of trust with power of sale, conveying the said farm to one McPherrin, trustee, to secure the payment of a note for $1,386 to one Thompson. Afterward, in the fall of 1890, the

plaintiff, for a valuable consideration, sold to the said Johnson the privilege of sowing a part of the premises in wheat and rye, which were then sown by his code-fendants, Isaac L. Thornton and Drury W. Johnson, under a written contract with him, dated August 28, 1890. The crop of grain in controversy is the product of this sowing. Afterward, in January, 1891, the premises were sold under the deed of trust, and one Colton became the purchaser thereof and received a trustee's deed therefor. Afterward, on the twenty-fourth of January, 1891, the said Colton executed a lease of the premises to the plaintiff, who was in possession of the same under his lease from M. C. Johnson, for a term beginning on that day and ending on the twenty-eighth of February, 1892. Afterward, in harvest time, the defendants cut and shocked the crop in controversy, and while the same was still standing on the premises, the plaintiff, on the thirteenth of July, 1891, commenced this action, in which the crop was delivered to him.

The answer of the defendant, M. C. Johnson, was a general denial and a disclaimer of any interest in the property. The answer of Thornton and Drury Johnson was a general denial and claim of right to the property taken. The trial resulted in a judgment for the defendants, which, on appeal taken as afore-said to the Kansas City Court of Appeals, was reversed. The court, in its opinion treating the defendants as tenants of the mortgagor, and having no greater right as against the plaintiff, *held*, that the title to the crop growing on the premises passed to the purchaser at the trustee's sale as against the mortgagor; and treat-ing the plaintiff as standing in the shoes of the pur-chaser at such sale and having the same right to the crop as such purchaser, *held*, that he was entitled to the same; *holding* further, however, "that as the plain-

tiff's title to the grain is based on the deed of trust, such title may be defeated by showing such deed of trust was obtained in a manner rendering it a nullity; and this may be done under a general denial."

The case being remanded to the circuit court, was retried on the same pleadings. The defendants on this trial introducing evidence tending to prove that the deed of trust was without consideration, and procured by fraud, and that defendants, Thornton and Drury Johnson, under their contract with M. C. Johnson, and with the consent of the plaintiff, took possession of the land on which the wheat and rye was grown in the fall of 1890; plowed the land and sowed the seed from which the crop was grown and that such possession continued for the purposes of the crop until after they had cut and shocked the grain on the premises, and the same was thereafter taken from them under the writ in this case. Upon this evidence the trial court gave several instructions, two of those for the defendants in substance authorizing a verdict for the defendant if the jury found from the evidence that the deed of trust was procured by Colton from M. C. Johnson by fraud and without any consideration; and among others the following:

"Although the jury may believe from the evidence that the deed of trust under which Colton purchased, and his title to said land was valid under said sale and that he afterward rented all of said land to plaintiff Fischer, yet if they further believe from the evidence that before the sale under said deed of trust and the renting of Fischer from Colton, the defendants, Isaac Thornton and Drury Johnson, were given possession of that part of the land on which said rye and wheat were grown and they sowed said rye and wheat thereon, and the same was growing thereon at the time of the sale to Colton, and that the said Isaac Thornton and

Drury Johnson continued to hold possession of said rye and wheat, and did harvest, cut and shock the same without any demand made by Fischer to said Thornton or Drury Johnson for the possession of said crops before the same were cut and shocked, then the finding of the jury must be for the defendants, Thornton and Drury Johnson, for said rye and wheat."

In *Hilton v. City of St. Louis*, 129 Mo. 391, MAC-FARLANE, J., speaking for this court and of its jurisdiction, said: "The Constitution does not declare that the jurisdiction exists if a question of title is involved in the trial, but that the case tried must involve the title. We take the provision to mean that the title to real estate must in some way be affected by the judgment to be rendered on the entire case as made by the pleadings and evidence. This seems to be the view this court has uniformly taken. *Bobb v. Wolff*, 105 Mo. 52; *Blondeau v. Sheridan*, 103 Mo. 134; *Bailey v. Winn*, 113 Mo. 161; *State ex rel. v. Rombauer*, 124 Mo. 598."

To this list might be added the earlier cases of *Corrigan v. Morris*, 97 Mo. 174; *Dunn v. Miller*, 96 Mo. 324; *State ex rel v. Court of Appeals*, 67 Mo. 199, and perhaps others, as well as the recent case of *Barber Asphalt Paving Co. v. Hezel*, 138 Mo. 228.

The action of replevin lies only for the recovery of "specific personal property." R. S. 1889, sec. 7479. It is well settled that while title to real estate may be inquired into in such action for the purpose of determining the title to personal chattels, it can not be made the means of determining the title to real estate. Wells on Replevin, secs. 58, 79, *et seq*. A crop severed from the land is a personal chattel, and a proper subject of the action of replevin, and while the title to it may depend on the ownership of the land. the title of the land is not within the issues to be tried, and the

judgment thereon can in no way affect such title.   20
Am. and Eng. Ency. of Law, 1047, and cases cited,
notes 2 and 3; *Anderson v. Hapler*, 34 Ill. 436, and
cases cited, p. 440; *Ib*. 85 Am. Dec. 318.   Conse-
quently a title to real estate is not involved *in this case*
within the meaning of the Constitution, article 6,
section 12, and there is no good reason why the Kan-
sas City Court of Appeals should not exercise its appel-
late jurisdiction over the case, as before on the former
appeal.   This conclusion is not in harmony with the
ruling in the first paragraph of the opinion in *Gray v.
Worst*, 129 Mo. 122, which is accordingly overruled,
and the cause remanded to the Kansas City Court of
Appeals for determination.   All concur, except BAR-
CLAY, C. J., who dissents.

BARCLAY, C. J. (*dissenting*).—Is this a case
"involving title to real estate," within the meaning of
the organic law defining the jurisdiction of the Supreme
Court?   It is an ordinary action in the nature of
replevin to recover specific personal property.   The
property is grain.   The title to it depends, in one view
of the case, on the validity of a deed of trust in the
nature of a mortgage, conveying the land on which
the grain grew.   In another view of the case the
property in the grain depends on the force and effect to
be given to an agreement between plaintiff Fischer and
defendant M. C. Johnson, under which agreement
Fischer claims to have had possession of the land and
to have sowed the crop, and to have the right to reap
what he sowed.
     The determination of the interests of the parties
in and to the land, under the agreements in question,
will determine their respective claims to the grain
raised on the land.   Yet the action itself has for its
subject-matter only the ownership of the grain.   The

original opinion of my learned brother BRACE in the first division (reported, 39 S. W. Rep. 785) plainly shows to what extent the merits of the appeal involve the question of title.

The term "real estate," under our positive law, "shall be deemed to be co-extensive with lands, tenements and hereditaments." R. S. 1889, sec. 6570. An interest in land as a "cropper," carrying with it the right to plant, cultivate and reap a crop of grain, is an interest in real property as well recognized (at this day and in this part of the world) as is an easement. The latter has been held real estate within the meaning of the Missouri Constitution. *State ex rel. St. Louis, etc., R. R. Co. v. Rombauer* (1894) 124 Mo. 598 (28 S. W. Rep. 75).

Where, in an action of replevin, the issue of title to land has been distinctly raised and decided, the final decision of that issue is conclusive on the parties to that issue in any later litigation. *Branson v. Studabaker* (1892) 133 Ind. 160 (33 N. E. Rep. 102); *Wolf River Lumber Co. v. Brown* (1894) 88 Wis. 638 (60 N. W. Rep. 996).

When a judgment on an appeal will determine an existing claim of title to real estate, that title is, in my opinion, involved in the case on the appeal.

The object of the constitutional provision on this subject is to appoint the Supreme Court as the tribunal for the final settlement of the law of real property in Missouri, in the hope thereby to secure uniformity of decision on that important branch of jurisprudence. That object should be kept in view in interpreting the meaning of the Constitution and applying its language to particular cases. To give full weight to the intention of the Constitution it seems to me that it should be held that the form in which a question of title to real estate may arise is not material where the

last judgment in the case will evidently have the effect to determine the conflicting claims of the parties litigant to an interest in the land itself. Such will be the effect of the final judgment in the case at bar. *Campbell v. Rankin* (1878) 99 U. S. 261; *Bussum Lall Shookul v. Chundee Dass* (1879) 4 Calcutta (L. R.), 686; *Linton v. Harris* (1886) 78 Ga. 265 (3 S. E. Rep. 278); *Bradford v. Knowles* (1890) 78 Tex. 109 (14 S. W. Rep. 307); *Hailey v. Ano* (1893) 136 N. Y. 569 (32 N. E. Rep. 1068; 32 Am. St. Rep. 764); *Brushy Mound v. McClintock* (1893) 146 Ill. 643 (35 N. E. Rep. 159).

In my opinion title to real estate is involved in this appeal.