LOUIS FISCHER, Appellant, v. M. C. JOHNSON *et al.*, Respondents.

Kansas City Court of Appeals, March 7, 1898.

1. **Appellate Practice:** EVIDENCE: INSTRUCTIONS.   Where an issue is submitted on material evidence and fair instructions, the appellant can not complain of the verdict.

2. **Defenses:** AUDITA QUERELA: RES ADJUDICATA.   If an application in the nature of the ancient *audita querela* is admissible to reverse a judgment on the ground of conduct occurring subsequent to its rendition, the application must fail in this case, since the actions at law relied upon were *res inter alios acta*, and therefore not *res adjudicata*.

3. **Replevin:** FORM OF JUDGMENT: DISCLAIMER.   An action in replevin was against three parties; one disclaimed, two defended.   The verdict was for the defendants.   The judgment was for the two defendants defending.   *Held*, proper.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

BOYD & MURRELL for appellant.

(1)   The court should have sustained plaintiff's motion in arrest of judgment, and erred in sustaining

defendant's motion to correct judgment. The judgment as corrected is not in accordance with the verdict and the verdict was not warranted by the pleadings. Paddock v. Lance, 93 Mo. 283; Hamilton v. Clark, 25 Mo. App. 428. (2) The evidence in this case is not sufficient to show fraud of any kind.

L. W. SCOTT & JAS. COONEY and W. S. BUSH for respondents.

(1) As to the right of the defendants to make the first defense, that is that the deed of trust was procured by fraud practiced on defendant Johnson, we have only to cite this case when here on appeal before. Fischer v. Johnson, 51 Mo. App. 157. "And this may be done under a general denial." Ibid.

GILL, J.—This is a case of long standing. It originated in the Saline circuit court in July, 1891; was brought to this court on plaintiff's appeal for the October term, 1892, when it was reversed and remanded for a new trial; tried again in the circuit court in August, 1893, resulting in a judgment for the defendants Thornton and Drury Johnson (who are the real interested defendants); then again appealed to this court, and we transferred the same to the supreme court, on the ground that title to real estate was involved; but that court, by a majority opinion, has returned it to us, holding that we have jurisdiction.

It would require much space to set out in detail all the facts and circumstances bearing on the issues involved. A fair understanding can be had by consulting the case as reported at 51 Mo. App. 157, and Fischer v. Johnson, 139 Mo. 433, as also Johnson v. Colton, 127 Mo. 473.

As will be seen, the controversy arose as to the ownership of certain wheat, cut and in the shock, and which grew on M. C. Johnson's farm in Saline county, the wheat being sown in the fall of 1890 and reaped in the summer of 1891. Plaintiff Fischer occupied the farm as tenant of M. C. Johnson under a lease from the latter expiring March 1, 1891. Defendants Thornton and Drury Johnson planted and gathered the wheat under an arrangement with M. C. Johnson who for a consideration of $15 paid Fischer, got the latter's consent. Said Thornton and Drury Johnson then claimed the wheat under a kind of tenancy they had with M. C. Johnson.

Shortly after the wheat was planted by Drury Johnson and Thornton, one Colton bought the land at a sale of a trustee in a deed of trust executed by M. C. Johnson to Colton, and said Fischer then attorned to said Colton and made claim to the wheat under the latter. In our former decision (51 Mo. App. 157) the case was treated as though Colton's mortgage was valid, and we held that in that view a purchase thereunder by Colton carried the wheat then growing on the premises at the time of the trustee's sale, and that Fischer, claiming under Colton's purchase, had the superior title to defendants Thornton and Drury Johnson who claimed under the mortgagor, M. C. Johnson. In that opinion however it was added, "that as plaintiff's title to the grain is based on the deed of trust (meaning the Colton incumbrance), such title may be defeated by showing such deed of trust was obtained in a manner rendering it a nullity. And this may be done under a general denial." At the last trial this defense was relied on. Testimony was adduced tending to prove and which showed to the satisfaction of the jury that the Colton mortgage was procured by fraud and without consideration, and the verdict and judgment

was rendered in favor of said defendants Thornton and Drury Johnson. It is from this last named judgment plaintiff Fischer has prosecuted this appeal.

I.   An examination of this record discloses a fair and impartial trial, without any substantial error, and we shall put an end to the litigation by affirming the judgment. With the law as declared in our former opinion there was left but one question of fact to be settled at the re-trial of the case—that is, was the deed of trust under which Colton bought M. C. Johnson's land fraudulently obtained and therefore a nullity. If so, then Colton, by his purchase, acquired no title or interest in the grain raised on the land by Thornton and Drury Johnson; and if he (Colton) acquired nothing, then clearly the plaintiff, his tenant, had no interest or title in the wheat. This matter was submitted to the jury on evidence material to the issue and by instructions, to say the least, fair to the plaintiff and he has now no just cause to complain.

*APPELLATE practice: evidence: instructions.*

Plaintiff's counsel have, however, sought by a supplement to the original record, to inject into the case a further defense which it is claimed was brought into existence since the trial below, and which it is contended should "in equity and good conscience" deprive defendants Thornton and Drury Johnson of a judgment for the value of their grain which was taken and appropriated by the plaintiff.

*DEFENSES: audita querela: res adjudicata.*

It seems that during the pendency of this particular action, involving the title of the wheat raised and harvested by defendants Thornton and Drury Johnson, the owner of the land, M. C. Johnson, brought and successfully prosecuted two separate and distinct suits against said Colton and Fischer his alleged tenant— the purpose of the first action (Johnson v. Colton, 127

Mo. 473), being to cancel and set aside the note and deed of trust purporting to have been made and executed by said M. C. Johnson for the benefit of said Colton, as well as to set aside the sale made to Colton under said deed of trust; and the second or last suit was brought by said M. C. Johnson to redeem the land from a sale made to said Colton under another but valid deed of trust made to one Baker and by him transferred to Colton before the trustee sold the property.

A certified copy of the decree rendered in the last named case is brought and presented to us accompanied by a motion containing a prayer for relief. The application partakes of the nature of the ancient *audita querela*, described as a proceeding instituted by a judgment defendant to obtain relief against the consequences of the judgment, on account of some matter of defense or discharge arising since its rendition, and which could not be taken advantage of otherwise. The case was a suit in equity in which Micheal C. Johnson was plaintiff and John B. Colton was defendant—though Fischer seems to have been joined as co-defendant, but for what substantial purpose is not clear. As already stated the suit was brought by Johnson to set aside a sale of the land made to Colton and to permit the plaintiff therein to redeem, at the same time alleging Colton's use and occupancy of the lands and an accounting for rents was prayed. It is unnecessary to detail the allegations made in Johnson's petition or the findings of fact made by the court; it is sufficient to say that, on a trial of the case, the court found the sale fraudulent and unconscionable, set aside the sale to Colton and allowed the plaintiff M. C. Johnson to redeem therefrom on paying the balance due on the debt left after allowing Johnson the rental value of the property during Colton's possession.

It is claimed now that said M. C. Johnson by the decree just referred to collected the rent from Colton during the identical period when the wheat in controversy was being grown and that he (or rather the defendants Thornton and Drury Johnson) ought not to be at the same time entitled to the wheat—in other words, it is contended that this would be a double recovery for the same thing.

Conceding plaintiff's right to make this complaint or defense in this way and at this particular stage of this litigation, we yet fail to discover any rule of law, justice or equity that will sustain the position contended for. Whatever in the way of rents M. C. Johnson may have recovered from Colton, or even from Fischer, can have no possible bearing on the question as to whether or not the grain in controversy was the property of defendants Thornton and Drury Johnson. M. C. Johnson's recovery for rents of the farm does not compensate other parties for the loss of grain raised by them on the same land. Besides the real defendants in this case (viz., Thornton and Drury Johnson) were not parties to the suit of M. C. Johnson v. John B. Colton, and hence the judgment therein in no way concludes them, much less can it take away any of their rights as to the grain here in controversy.

In the motion in arrest of judgment as well as in counsel's brief objection is made to the form of the judgment in that it awarded the property, or rather its value, to defendants Thornton and REPLEVIN: form of judgment: disclaimer. Drury Johnson, whereas the verdict found generally "for defendants" which term would include also M. C. Johnson, who was one of the defendants named in the pleadings. The judgment was clearly right and conformed to the manifest intention of the jury. M. C. Johnson by his answer disclaimed all ownership in the grain replevied

and the evidence as well so showed without con-
tradiction.   The controversy as to ownership was be-
tween Fischer on the one side and defendants Thornton
and Drury Johnson on the other.   It was manifestly
the intention of the jury to decide and they did so
decide this issue in favor of said defendants.

The judgment is for the right party and will be
affirmed.   All concur.