BLONDEAU *et al., Appellants,* v. SHERIDAN.

DIVISION ONE.

**Title to Real Estate:** PARTY WALL: JURISDICTION OF SUPREME COURT. A proceeding against the estate of a deceased person under whom plaintiffs claim by mesne conveyances to recover money paid by them to the owner of adjoining property, under a contract between the latter's grantor and the deceased for the building of a party wall between them, does not involve the title to real estate, and the supreme court has no jurisdiction of it upon appeal.

*Appeal from Buchanan Circuit Court.*—HON. J. P. GRUBB, Judge.

*Transferred to Kansas City Court of Appeals.*

*Strong & Mosman* for appellants.

*Green & Burnes* for respondent.

SHERWOOD, P. J.—This proceeding was instituted by plaintiffs in the probate court of Buchanan county, against the estate of McGee for the sum of $333.46 and interest which they paid out to Lutz for the use of a party wall then standing on the dividing line between lots 9 and 10, the latter being the lot formerly owned

by McGee and coming to plaintiff through mesne con-
veyances, and on which plaintiffs were building, and the
former being a lot once owned by Hartwig, who built
the party wall upon an agreement with McGee, and,
having built the wall, afterwards transferred the lot to
Lutz, who demanded and received the money aforesaid
from plaintiffs as a condition precedent to their being
allowed to use the party wall.

The facts thus disclosed do not show that the pres-
ent action "involves the title to real estate." There is
no dispute as to the title. If the action goes for or
against the plaintiffs, this does not touch the title.
This cause was here before. 81 Mo. 545. But this court
had jurisdiction of it then, something which, owing
to certain constitutional amendments, it no longer
possesses.

Having been improvidently transferred to this court
by the Kansas City court of appeals, we remand it to
that court. All concur.