Macfarlane, J.
In the year 1881 a judgment was rendered in favor of the city of St. Louis condemning portions of lots 5, 6 and 7 of block 1 of Compton Hill Addition to the city of St. Louis, for the opening of Park avenue, and damages were assessed in favor of the owners in the sum of $1,940.40. On the twenty-seventh of' June, 1884, the city deposited in court the amount so assessed. Plaintiff and defendant, by interpleas, each claim the fund. The claim made to the fund by each is based on the alleged ownership of the land condemned. No claim is made by either party to the land itself, nor is objection made to the *392 sufficiency of the condemnation proceedings to vest in the city of St. Louis the land taken.
On the twenty-fourth day of November, 1893, after a trial of the rights of the interpleaders to the fund in question, the court rendered a judgment allowing to interpleader Anna M. Hilton $284.92 of the fund less her proportion of the costs, and to interpleader Huntington Smith the balance of the fund less his-proportion of the costs. The court further ordered the clerk to sell “the securities in which said fund of $1,940.40 has heretofore been invested by said clerk under the orders of this court made in this cause, and. that from the proceeds of such sale and the interest which lias accumulated from said securities, he deduct and pay all the costs of this case in this court.” The judgment then directs the payment to interpleaders of the balance in the proportions above stated. Erom. this judgment the said interpleader Hilton appealed,, and the record has been sent to this court for its review.
On the trial of the issues between the interpleaders and of their respective rights to said fund each party undertook to show title in himself to the lots when-condemned, but neither claimed a present title to the lots themselves, but recognize the sufficiency of the-condemnation proceedings to invest the city with the right thereto.
No question of the jurisdiction of this court to hear and determine the appeal has been raised by either party. The question, however, is one which the parties have no right to waive, and unless this court has jurisdiction it has no power to decide. Dodson v. Scroggs, 47 Mo. 286; Stone v. Corbett, 20 Mo. 350.
It does not affirmatively appear from the record that the amount in dispute, exclusive of costs, exceeds the sum of $2,500, which is necessary to give this court *393 jurisdiction to review a proceeding under which -a money judgment is sought. The record shows that the fund claimed was originally only $1,940, out of which the costs were adjudged to be paid. It does not appear when the fund was invested in securities, what rate of interest they bore, or their value when the judgment was rendered. We can, therefore, only take the original amount of the fund, namely, $1,940, as the amount in dispute, which is insufficient to give the court jurisdiction on that ground. Wolff v. Matthews, 98 Mo. 247.
The jurisdiction must, therefore, be found, if at all, under that clause of the constitution which gives the supreme court appellate jurisdiction of “cases involving the title to real estate.”
It is true, in this case, that the rights of the parties to the fund in question depend upon the title to the real estate at the time of its condemnation. No other question was in issue or was tried in the circuit court. But does it follow that the title to real estate was involved therein? We think not. The real estate had been disposed of and all the interests of the parties therein divested before this proceeding was commenced. Neither party disputes the right of the city to occupy and use the land for the purpose for which it had been condemned, and those rights could not be affected by any judgment the court may have rendered in determining the rights of interpleaders. The proceedings were to recover the money and nothing more. There is no dispute as to the present title to the land. If the action goes for or against either party this does not touch the land or affect the title.
The constitution does not declare that the jurisdiction exists if a question of title is involved in the trial, but that the case tried must involve the title. We take the provision to mean that the title to real *394 estate must, in some way, be affected by tbe judgment to be rendered on tbe entire case as made by tbe pleadings and evidence. This seems to be tbe view this court bas uniformly taken. Bobb v. Wolff, 105 Mo. 52; Blondeau v. Sheridan, 103 Mo. 134; Bailey v. Winn, 113 Mo. 161; State ex rel. v. Rombauer, 124 Mo. 598.
Tbe case is, therefore, transferred to tbe St. Louis court of appeals.
All concur.