FRANK B. NORTHROP, Respondent, v. W. P. DIGGS, Appellant.

St. Louis Court of Appeals, December 14, 1909.

1. APPELLATE PRACTICE: Conduct of Counsel: Not Called to Court's Attention in Motion for New Trial. An assignment of error relating to an alleged improper statement of counsel in the court below will be overruled, where the attention of the trial court was not called to such statement in the motion for new trial.

2. ———: Evidence: Instructions: Admission of Irrelevant Evidence Cured by Instruction Withdrawing Same. The admission of irrelevant evidence was harmless where the court instructed the jury to disregard it.

3. ———: ———: Exclusion of Cumulative Evidence Harmless Error. Where excluded evidence was merely cumulative, if error was committed in the exclusion, it was harmless.

4. TRIAL PRACTICE: Publicity of Proceedings: Requiring Attorney to Whisper Offer of Proof. An assignment of error that the court deprived defendant of his right to a public trial by compelling counsel to whisper his offer of proof to the stenographer, so that he could not be heard by bystanders, who might sign the bill of exceptions, was without merit, where the record

showed counsel was merely required to make his offer out of the hearing of the jury, and it was not denied that defendant was allowed an accurate bill of exceptions.

5. **APPELLATE PRACTICE:** Former Decision Binding. A point involved and determined on a former appeal will not be re-examined on a subsequent appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Shields,* Judge.

AFFIRMED.

*John A. Gilliam* for appellant.

(1) The respondent made no case under his pleadings, and appellant's demurrer to the evidence, offered both at the close of plaintiff's case, and at the close of the entire case, should have been given, and the court erred in refusing the same and as plaintiff on this the third trial has failed to make a case and cannot improve on it, this cause should be reversed without remanding. Bassford v. West, 124 Mo. App. 248; Loving Co. v. Hesperian Cattle Co., 176 Mo. 332; Ingwerson v. Railroad, 103 S. W. 1143; McCrory v. Kellogg, 106 Mo. App. 597; Haas v. Ruston, 14 Ind. App. 8, 42 N. E. 298; Van Dyke & Co. v. Walker, 49 Mo. App. 381; Featherston v. Trone, 102 S. W. 196. (2) The court erred in permitting plaintiff's counsel to make statements about a proposed sale of the lease by Diggs to Northrop, and admitting evidence in regard to such proposed sale, which was entirely outside the issues, was purposely and premeditatedly brought in to try to influence the jury, and was extremely prejudicial to appellant. Peck v. Traction Co., 110 S. W. 1. c. 661; Taylor v. Schofield, 191 Mass. 1; State v. Kaufmann, 118 N. W. 337. (3) The court erred in excluding competent evidence offered by defendant as to what took place when Diggs first met Benoist, and as to the reasonable value of services in sale of a lease. Cornelius v. Grant, 8 Mo. 59; Kelly

v. Phelps, 57 Wis. 425; Louis v. Louis, 114 S. W. 1150; State v. Murphy, 90 Mo. App. 548; Gage v. Trawick, 94 Mo. App. 307; Ruschenberg v. Railroad, 161 Mo. 70; Mead v. Arnold, 110 S. W. 656. (4) The court erred in compelling defendant to make his offers of proof in a low voice, so that the jury could not hear, thus preventing defendant from having a public trial, and preventing defendant from submitting a bill of exceptions signed by bystanders, and absolutely depriving defendant of his statutory right to have such a bill, and by the court's conduct humiliating defendant's counsel, and prejudicing the jury against the defendant. Louis v. Louis, 114 S. W. 1150; State v. Murphy, 90 Mo. App. 548; Ruschenberg v. Railroad, 161 Mo. 70; Gage v. Trawick, 94 Mo. App. 307; Hoyt v. Williams, 41 Mo. 270; Bowen v. Lazalere, 44 Mo. 383; Norton v. Dorsey, 65 Mo. 376; Garth v. Caldwell, 72 Mo. 630; Klotz v. Perteet, 101 Mo. 213; State v. Jones, 102 Mo. 307; Sec. 730, R. S. Mo. 1899; Bagley v. Mason, 37 Atl. Rep. 288; Hicks v. Hicks, 142 N. C. 231; Holland v. Williams, 126 Ga. 617. (5) The representation by respondent that he owned the lease estops him from claiming to have been Diggs' agent, and defeats any claim for commissions. Hahl v. Kellogg, 94 S. W. 391; Haas v. Ruston, 14 Ind. App. 8; Featherston v. Trone, 102 S. W. 196; Taylor v. Godbold, 76 Ark. 395. (6) The court erred in giving instructions for respondent. Wylie v. Bank, 61 N. Y. 415; Newton v. Ritchie, 75 Iowa 91; Shrack v. McKnight, 84 Pa. 26; Steele v. Crabtree, 106 N. W. 753; Mead v. Arnold, 110 S. W. 656; Paddock v. Somes, 102 Mo. 226; Crow v. Railroad, 111 S. W. 583; Flint-Walling Co. v. Ball, 43 Mo. App. 510; Sterling v. De Laune, 105 S. W. 1173. (7) The court erred in refusing instructions offered by appellant. Haas v. Ruston, 14 Ind. App. 8; Featherston v. Trone, 102 S. W. 196; Taylor v. Godbold, 76 Ark. 395; Bassford v. West, 124 Mo. App. 248; Loving Co. v. Cattle Co., 176 Mo. 332; Ingwerson v. Railroad, 103 S. W. 1143; McCrory v. Kellogg, 106

Mo. App. 597; Van Dyke & Co. v. Walker, 49 Mo. App. 381.

*Bernard Greensfelder* and *Abbott, Edwards & Wilson* for respondent.

(1) The sufficiency of the evidence to sustain the verdict will not be reviewed where there have been three successive verdicts for the same party. Burns v. Peck, 17 Mo. App. 580; Haycraft v. Griggsby, 94 Mo. App. 74; Dodd v. Guiseffi, 100 Mo. App. 311; Railroad v. Adams, 10 Ky. Law Rep. 713; Penn v. McLoughlin, 36 Iowa 538; Krummer v. Christopher, 35 N. Y. Supp. 1066; Winsor v. Cruise, 79 Ga. 635; Parmly v. Farrar, 204 Ill. 38. (2) Though the appellate court may believe the weight of the evidence is in favor of defendant, it cannot hold that the plaintiff should not recover where the trial court on the evidence, might have so held and refused to exercise the discretion vested in it to set aside the verdict. Colyer v. Railroad, 93 Mo. App. 147; Woodward v. Cooney, 111 Mo. App. 152; Vastine v. Rex, 93 Mo. App. 93; Kitchen v. Railroad, 59 Mo. 514; City of Memphis v. Mathews, 28 Mo. 248. (3) No judgment should be reversed for an error that does not materially affect the merits of the action. Sec. 659, R. S. 1899; Water & Light Co. v. City of Lamar, 140 Mo. 145; City of Linneus v. Dusky, 19 Mo. App. 20. (4) Trivial errors in the admission or rejection of evidence will not work a reversal when the controlling facts are so fully established as to leave no question of the justice of the verdict. Miller v. Newman, 41 Mo. 509; Von De Vilda v. Judy, 143 Mo. 348. (5) Where an erroneous ruling on evidence does not materially affect the merits of the action, the judgment will not be reversed when for the right party. Sec. 865, R. S. 1899; Gardner v. Railroad, 135 Mo. 90; Goodrick v. Harrison, 130 Mo. 263; Swope v. Ward, 185 Mo. 316; Bragg v. Railroad, 192 Mo. 331; Sebre v. Patterson, 92 Mo. 451; Deal v. Cooper, 94

Mo. 62. (6) It has been repeatedly declared by the appellate courts of this State that where real property has been placed in the hands of an agent for sale, and a sale is brought about through his exertions, or, which is the same thing, if he is the procuring or proximate cause of the sale, he is entitled to the commission. And this is so even where the principal or another or other persons or agents may have conducted the final transfer of the property or may have varied the terms of the first negotiation. Wright & Orrison v. Brown, 68 Mo. App. 582. The question whether plaintiff was authorized to negotiate for the sale of the lease, and as to whether or not he was the procuring cause of the sale thereof, was under the evidence for the jury. Ballentine v. Mercer, 130 Mo. App. 605; Kinder v. Pope, 106 Mo. App. 536; Crane v. Trust Co., 85 Mo. App. 607; Huth v. Dohle, 76 Mo. App. 675; Parson v. Mayfield, 73 Mo. App. 311; West v. Denune, 128 Mich. 11; Palmer v. Durand, 70 N. Y. Sup. 1105; McCoffrey v. Page, 20 Pa. Sup. Ct. 400; Roome v. Robinson, 90 N. Y. Sup. 1055. (7) If the contract sued upon was ever made by the parties it fixed plaintiff's compensation. If it was not made, he was entitled to nothing on the *quantum meruit,* therefore the evidence of the several real estate agents to show the reasonable value of services rendered was properly excluded. Cole v. Armour, 154 Mo. 333; Veatch v. Norman, 109 Mo. App. 387. (8) The exclusion of the evidence sought of witness O'Fallon was harmless where the fact was fully established by other evidence or in another form. Hill Bros. v. Bank, 100 Mo. App. 230; Love v. Love, 98 Mo. App. 562; Crapson v. Wallace, 81 Mo. App. 680. (9) It is well settled in this State, that where erroneous evidence has been admitted during the trial, the error in its admission may be cured by withdrawing the objectionable evidence from the jury. Anderson v. Railroad, 161 Mo. 420; McGinnis v. Loring, 126 Mo. 404; Larimore v. Railroad, 65 Mo. App. 167; Smith v. Coal Co., 75 Mo. App. 177; Brockman Com. Co.

v. Kilbourne, 111 Mo. App. 542. (10) The objections to the statement made by plaintiff's counsel in his opening, statement to the jury cannot now be considered, for it is not preserved by the defendant in his motion for new trial. Vawter v. Hultz, 112 Mo. 639; Hamman v. Coal & Coke Co., 156 Mo. 232; Epstein v. Railroad, 197 Mo. 720. (11) If the plaintiff's instructions were not proper and did not cover the facts or issues in the case, the rule is clear that if any omission exists in plaintiff's instructions and it is supplied by those given for the defendant, the error is cured. Anderson v. Railroad, 161 Mo. 427; Meadows v. Ins. Co., 129 Mo. App. 76; Owens v. Railroad, 95 Mo. 169. (12) The court may in its discretion require that offers of evidence be made so as not to reach the ears of the jury and it should adopt this course when the offer to be made threatens to prejudice the party if heard by the jury. Coal Co. v. Fay, 37 Neb. 68.

GOODE, J.—Three verdicts have been given for plaintiff in this case and there have been two appeals, the first from an order of the court below granting a new trial, which order was affirmed (115 Mo. App. 91), and the second from a judgment for plaintiff, which was reversed because of an error in one of the instructions (128 Mo. App. 217). The facts in the present record are not materially different from what they were before, and are stated fully in the previous opinions. It is necessary to restate them in part in order to make intelligible the points now presented for decision. In the autumn of 1902, defendant owned a leasehold on property on North Main street in the city of St. Louis, which the Terminal Railroad Company would need in order to connect its Eads Bridge tracks with the elevated tracks on the levee. The Missouri Valley Trust Company was endeavoring to acquire for the terminal company, such property as said company needed and among other pieces the property in question. Plaintiff and defendant had their office together at the time, and according to

plaintiff's testimony defendant authorized him to sell the leasehold to the terminal company through the Mississippi Valley Trust Company, and agreed to give plaintiff whatever sum above one thousand dollars he could obtain for it. Plaintiff spoke to Mr. Benoist, one of the officers of the trust company, about selling the leasehold, without, however, giving the name of defendant, as owner, or assuming to act for him. At that time Benoist had not purchased the fee of the property from the owner of the fee, O'Fallon, and said he was not ready to buy the leashold until he did; saying further the price defendant asked ($2000) was much too large. According to plaintiff he had several interviews with Benoist about the matter, but in none of them did he say he was negotiating for defendant. After Benoist acquired the fee from O'Fallon, who told him Diggs was tenant of the property, he, or rather Walsh, another agent of the trust company, by Benoist's direction, took up the matter of purchasing the leasehold and bought it for two thousand dollars, the price originally named by plaintiff, who thereupon demanded of defendant one thousand dollars on the ground he (plaintiff) was entitled to it for having procured the purchaser, and under the contract by which defendant had agreed to allow him all above one thousand dollars he could obtain for the leasehold. Defendant denied making any contract with plaintiff, and there is a square issue of fact between them about the matter. Plaintiff testified he told defendant prior to the sale of the leasehold of the negotiation with Benoist, so defendant was apprised of the fact that plaintiff was looking forward to a sale to Benoist and was working to bring it about. Plaintiff further testified he kept defendant informed of the course of the negotiation with Benoist or the Mississippi Valley trust company, as it progressed. Defendant sold for two thousand dollars, but allowed the trust company a commission of fifty dollars. Benoist testified plaintiff was the first person

to offer the leasehold to him, always asking two thousand dollars for it, which he thought was too much, but finally concluded to pay.    Defendant, besides denying any authority in plaintiff to sell the lease, testified he (defendant) sold it himself to the terminal railroad company through the Mississippi Valley Trust Company after a long negotiation with Mr. Walsh as the representative of the trust company.    The jury found a verdict in plaintiff's favor for $950, with six per cent interest from May 15, 1903, to the date of the verdict, or $1231.35, and defendant appealed.

1'. We overrule the error assigned because of the refusal of the court to direct a verdict for defendant. It is contended plaintiff established no case and this direction should have been given; but as said, the facts in proof were about what they were on the second appeal and we then decided a case for the jury had been made.

2.   Error is assigned upon the action of the court in permitting plaintiff's counsel to state in the hearing of the jury, matters relating to a proposed sale of the lease by defendant to Northrop, and the reception of evidence regarding the proposal, the contention being this statement and evidence were alien to the issues the jury were to try.    The attention of the court below was not called, in the motion for new trial, to the alleged improper statement of plaintiff's counsel and hence the assignment in respect of it will be overruled. [Vawter v. Hultz, 112 Mo. 639; Eppstein v. Railroad, 197 Mo. 720, 738.]    As to the assignment of error in respect of evidence received as to those matters, suffice to say if any error was committed in that regard, the court obviated the effect of it by instructing the jury to disregard all of said evidence as it was irrelevant to the issues they were to determine.    As this was a civil action, the instructions sufficed to correct the error. [Stavinow v. Ins. Co., 43 Mo. App. 513; O'Mellia v.

Railroad, 115 Mo. 205; McGinnis v. Loring, 126 Mo. 404.]

3.   Error is assigned because the court excluded the following offer of proof:

"By Mr. Gilliam: I offer, to prove by this witness that on or about the 15th day of December, 1902, in his office, Mr. W. P. Diggs, being there in the office, and Mr. Eugene H. Benoist, being there in the office, and he being there and then negotiating with Mr. Eugene H. Benoist for the sale of the fee of the premises 306 N. Main street; that he introduced Mr. Diggs to Mr. Benoist and said to him: 'Mr. Benoist, Mr. Diggs is our tenant at 316 N. Main street; he has been one of our best tenants; I wish you would treat him fairly when you go to buy his lease.' What Mr. Benoist says—'I know Mr. Diggs, and I will treat him fairly in the matter.' "

The testimony was offered as tending to prove Benoist first learned from the witness O'Fallon, on December 15, 1902, that Diggs owned the leasehold, which Northrop had attempted to sell, the latter never having divulged the fact.   It will be observed the offer of proof did not embrace testimony to prove directly Benoist first learned who owned the leasehold, but only to prove it indirectly by showing Benoist was then first apprised Diggs was the tenant on the property. That matter, as well as everything included in the offer of proof, was established by the testimony of Benoist himself, and also of O'Fallon.   The latter said he told Benoist, on the occasion in question, Diggs was the tenant of the property, and Benoist testified he believed O'Fallon then stated Diggs was tenant.   Benoist said he had known Diggs before and then learned Diggs owned the lease and instructed Walsh to negotiate with him for it.   In fact plaintiff himself admitted he never told Benoist Diggs owned the leasehold.   It appears the excluded evidence would have been merely cumulative and was fully covered by the admitted testimony, and

if any error was committed in the exclusion, it was harmless. [Crapson v. Wallace, 81 Mo. App. 680.]

4. Another contention is the court deprived defendant of his statutory right to a public trial by compelling counsel to whisper his offer of proof to the court stenographer, instead of allowing him to speak in a voice audible to bystanders who might sign a bill of exceptions in case the court refused to give a correct bill. The court to prevent the jury from hearing offers of evidence which perhaps would be incompetent, required counsel to state the offers out of the hearing of the jury. We do not find in the record anything to show the court required defendant's counsel to whisper the evidence, or declined to permit a bystander to be called within hearing of it, but merely that he was required to make known the offer to the court out of the hearing of the jury. It is not denied the court allowed defendant an accurate bill of exceptions, and we think there is no merit whatever in this assignment of error. [Omaha Coal Co. v. Fay, 38 Neb. 68; Holland v. Williams, 126 Ga. 617.]

5. It is contended plaintiff's representation to Benoist that plaintiff owned the lease, estops him from claiming a commission for having sold it as defendant's agent. It should be noted the defense pleaded and invoked is estoppel and not one based on the pernicious tendency of such misstatements—in other words, on public policy. It does not appear he was induced to alter his position for the worse by plaintiff claiming to own the lease and that element of estoppel is absent in the negotiation with Benoist. But suffice to say this point was involved in the second appeal, was adjudicated in holding plaintiff made a case for the jury, and we decline to re-examine it.

6. The instruction given for plaintiff of which complaint is made is a replica of the one approved on the second appeal and was rightly given.

The judgment is affirmed. All concur.