## HENDERSON v. SHELL OIL CO., Inc.

### No. 13399.

United States Court of Appeals
Eighth Circuit.
April 15, 1949.

Samuel H. Liberman, of St. Louis, Mo. (John Haley, of Bowling Green, Mo., Douglas H. Jones and Gideon H. Schiller, both of St. Louis, Mo., and McDonald & Anderson, of Wichita Falls, Tex., on the brief), for appellant.

George W. Cunningham, of Tulsa, Okl. (Jesse M. Davis, of Tulsa, Okl., and Charles E. Rendlen, of Hannibal, Mo., on the brief), for appellee.

Before THOMAS, JOHNSEN and STONE, Circuit Judges.

STONE, Circuit Judge.

This is an action to recover actual damages (with interest) and punitive damages for the extraction of petroleum from land in Clay County, Texas, claimed to be the property of plaintiff. The suit was brought in a Missouri court and removed.[1] After the removal, an amended petition was filed. The matter was presented to the trial court on an amended motion to strike and to dismiss the original and the amended petitions and to refuse to entertain jurisdiction, "or, in the alternative" to abate the cause until final disposition of the Texas suit. From an order dismissing the amended petition "for want of jurisdiction," plaintiff brings this appeal. The jurisdiction involved is that of the Missouri court over the subject matter.

The original petition (entitled "Petition in Trespass") alleged ownership in fee by plaintiff of described land in Clay County, Texas; that defendant "purported" to have two described oil and gas leases covering the land and a mineral deed to an undivided one half interest therein executed by plaintiff or for him (as to one lease); that none of such instruments was signed by plaintiff or by his authority; that all were null and void; that with full knowledge of such defects and that all of these purported titles were void, defendant extracted and appropriated oil from the land of the quantity and the value stated; that defendant was a "naked trespasser;" that, in the alternative, if defendant acted in good faith,

the necessary expenditures of defendant were tendered and might be deducted from the value of the oil; that statutory treble damages and punitive damages were prayed.

The amended petition alleged the "willful, intentional, wrongful, unlawful and malicious" conversion of oil extracted from the same described land "owned by the plaintiff in fee simple;" and prayed actual and punitive damages.

Defendant filed a motion to strike and dismiss the amended and original petitions.[2] Among other matters, the motion averred that defendant is and was in possession of the land under color of title under one of the leases and the mineral deed stated in the original petition; that plaintiff sought, in the original petition, an adjudication that the lease and deed were null and void ab initio; that "this court has no jurisdiction of the original cause of action, and, therefore, it has no jurisdiction of the cause of action, if any, as alleged in plaintiff's amended complaint."

The parties agree that the law of Missouri governs the jurisdiction of the Missouri courts in this respect. Under the common law, the original petition would be classed as trespass and the amended petition as trover. At the time this action was filed, the statute law of Missouri had abolished forms of action in civil suits and substituted one form to be known as "civil action." Laws of Missouri 1943, p. 357, Mo. R.S.A. § 847.1 et seq. That civil actions in the nature of trespass or trover are, generally speaking, transitory and that such is the law in Missouri are conceded by the defendant. Also, it is conceded that such actions are, broadly, cognizable in Missouri where the wrong arises from the severance of timber, minerals and the like from land.

The issue is more narrow than these conceded general rules. It is whether the

[1] In a motion to dismiss, defendant pleaded the pendency of a suit (at the time this action was filed) in the Texas State Court for Clay County presenting the same issues. The motion alleged further that the Texas court had power to adjudicate the disputed titles and prayed abatement of this action until final disposition of the Texas suit in case the Court found it had jurisdiction in this action. For practical reasons, we have held this appeal awaiting the outcome of the Texas litigation. That suit has resulted in a judgment affirmed for defendant Shell Oil Company in the Texas Supreme Court, 146 Tex. 467, 208 S.W.2d 863 and certiorari to the Supreme Court of the United States has been denied, 335 U.S. 884, 69 S.Ct. 233.

[2] An amendment to the motion was filed which is not material to the issues here.

Missouri courts have jurisdiction in an action to recover damages for products severed from realty (or the value thereof) from a defendant in actual possession of the land (at the time of the wrong) claiming right thereto adversely under color of title. Many cases outside of Missouri have been cited to the effect that, in such character of case, jurisdiction does not exist. The only differences in these cases is as to whether such holding by defendant must be in good faith or not.

Only one Missouri case is cited by either party which is apposite. Yoakum v. Davis, 162 Mo.App. 253, 259, 144 S.W. 877, 879, holds that replevin will not lie for trees cut on land adversely held by a defendant under claim of title to the land. That opinion is not clear as to whether good faith in defendant's claim of title is a requisite. After setting out that the evidence tends to show adverse possession, the Court states, 162 Mo.App. page 259, 144 S.W. page 879, that, "A condition of the case therefore may possibly arise which would present another bar to plaintiff's right to maintain replevin, on the ground that the posts were cut by an adverse claimant of the land, in which case, although there is a better title in another, yet replevin will not lie." This position is supported by three quoted authorities. All of these citations require "adverse possession." Two of them require "claim and color of title." Only one contains the requirement of "good faith." In this situation and in view of authorities elsewhere (not cited in the opinion), we think the safest construction of the opinion is that the adverse possession must be held under claim and color of title.

When we come to applying this rule to the fact situation as revealed in the pleadings of plaintiff we are faced with an original and an amended petition which differ in legal theory and in method of statement. The original petition sets forth that defendant held under the two mineral leases and a mineral deed for one half interest but that such had not been signed by plaintiff or by his authority and were, therefore, void—all of which defendant knew when it extracted the oil. Part of the prayer was for treble damages under a Missouri stat-ute relating to trespass on land. R.S.Mo. 1939, § 3681, Mo.R.S.A. The amended petition omitted references to the leases, mineral deed or treble damages. Very concisely, it stated conversion of the oil wrongfully extracted from described Texas land "owned by the plaintiff in fee simple" and prayed actual and punitive damages.

In some legal situations, an abandoned pleading can be used only as evidence of admissions against interest. Proctor and Gamble Defense Corp. v. Bean, 5 Cir., 146 F.2d 598, 601. But no such limitation is present where the issue is jurisdiction and the abandoned pleading is pertinent thereto. The removal was on the original petition. The jurisdiction of the federal court is, in a sense, derivative and, therefore, dependent upon that of the state court at the time of removal. Freeman v. Bee Machine Co., 319 U.S. 448, 449, 63 S. Ct. 1146, 87 L.Ed. 1509; State of Minnesota v. United States, 305 U.S. 382, 389, 59 S.Ct. 292, 83 L.Ed. 235; Venner v. Michigan Cent. R. Co., 271 U.S. 127, 131, 46 S.Ct. 444, 70 L.Ed. 868; General Inv. Co. v. Lake Shore & Mich. S. Ry. Co., 260 U.S. 261, 288, 43 S.Ct. 106, 67 L.Ed. 244; Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 382, 383, 42 S. Ct. 349, 66 L.Ed. 671.

Whether or not this original petition or the amended petition, of themselves, revealed an adverse possession under claim and color of title is not determinative since the motion did so and the real situation came into the open. If jurisdiction was thus shown not to exist, it became the duty of the trial court to dismiss the petition. Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 382, 383, 42 S. Ct. 349, 66 L.Ed. 671. After removal, the federal court had power to allow an amended petition but this power does not extend to elimination of "jurisdictional defects present in the state court action" Freeman v. Bee Machine Co., 319 U.S. 448, 452, 63 S.Ct. 1146, 1148, 87 L.Ed. 1509.

It would seem that the Yoakum case would require affirmance of this order of dismissal unless its authority is met and overcome by certain serious contentions of the plaintiff.

Plaintiff contends that this action can be maintained: (1) because, under Missouri decisions, no title or interest in land is involved; and (2) because the distinction between local and transitory actions is inclusively defined and limited by state statutes—this character of action falling within the transitory class. In examining the authorities cited by plaintiff in support of each of these contentions, it is necessary to keep in mind the exact issue here and the determination in the Yoakum case. That issue is the existence vel non of jurisdiction of the subject matter of an action for extraction of products of land where the defendant is in possession under claim and color of title at the time of the extraction.

(1) All of the many cases cited by plaintiff on the point that no title or interest in land is involved had to do with the construction and application of a provision in an Amendment to the Missouri Constitution which defined the respective appellate jurisdictions of the Supreme Court and of the Courts of Appeals. This Amendment places exclusive appellate jurisdiction in the Supreme Court "in cases involving * * * title to real estate." Const.Mo. 1875, art. 6, § 12. In determining such matters, both the Supreme Court and Courts of Appeals constantly state that title to real estate is involved or not "in a constitutional sense." As stated in the often cited case of Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 954, 2 S.W.2d 771, 775, "The kind of jurisdiction we are considering is appellate jurisdiction over the subject-matter." We have read and considered all of these numerous cases. Some are of a character having nothing to do with possession; some do not show where possession was; some show possession in the plaintiff; some show possession in defendant. Where adverse possession in defendant under claim of title is involved in the last class, that situation appears solely as a defense to the merits and not as a challenge to the jurisdiction of the trial court. In all of these cases, the jurisdictional issue determined has been the appellate jurisdiction under the before stated constitutional provision. The position of the Supreme Court in these cases is concisely stated in Fischer v. Johnson, 139 Mo. 433, 437, 41 S.W. 203, 204, in an approved quotation from Hilton v. City of St. Louis, 129 Mo. 389, 391, 31 S.W. 771, as follows:

"In Hilton v. City of St. Louis, 129 Mo. 391, 31 S.W. 771, Macfarlane, J., speaking for this court, and of its jurisdiction, said: 'The constitution does not declare that the jurisdiction exists if a question of title is involved in the trial, but that the case tried must involve the title. We take the provision to mean that the title to real estate must in some way be affected by the judgment to be rendered on the entire case as made by the pleadings and evidence. This seems to be the view this court has uniformly taken. Bobb v. Wolff, 105 Mo. 52, 16 S.W. 835; Blondeau v. Sheridan, 103 Mo. 134, 15 S.W. 530; Bailey v. Winn, 113 Mo. [155], 161, 20 S.W. 21; State v. Rombauer, 124 Mo. 598, 28 S.W. 750 [75].'"

Also, the Nettleton Bank case, supra, contains a thorough review and discussion of many cases on this matter of appellate jurisdiction under the constitution. Plaintiff insists that the same rule has been declared for jurisdiction in the trial courts of Missouri in Coleman v. Lucksinger, 224 Mo. 1, 123 S.W. 441, 26 L.R.A.,N.S., 934. We do not so understand that case. This first contention by plaintiff must be denied as affecting the authority of the Yoakum case here.

(2) As to the contention that the Missouri statutes and decisions inclusively define and limit the distinction between local and transitory actions, plaintiff relies upon R.S.Mo.1939, § 873 and § 874, Mo.R.S.A., and decisions construing them. These sections are parts of a Chapter entitled "Place of Bringing Actions" and are purely venue requirements.

Section 873 is for "Suits for the possession of real estate, or whereby the title thereto may be affected, or for the enforcement of the lien of any special tax bill thereon" and provides that such actions shall be brought in the county "where such real estate, or some part thereof, is situated."

Section 874 governs the place where suits against corporations shall be brought. It provides such actions be brought "in the county where the cause of action accrued,

or in case the corporation defendant is a railroad company owning, controlling or operating a railroad running into or through two or more counties in this state, then in either of such counties, or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." This section is held to govern suits against all corporations domestic or foreign. State ex rel. St. Joseph Lead Co. v. Jones, 270 Mo. 230, 192 S.W. 980.

■ Before we reach examination of the Missouri decisions construing and applying these statutes, it is necessary to determine the contention of defendant that "The question involved here is not whether an action in trespass or for conversion is local or transitory"—in short, a matter of venue—but that the question is whether an action for trespass or trover "is an appropriate action to recover the value of minerals severed from land in possession of a defendant under claim and color of title asserted in good faith." Further emphasizing its position, defendant contends that "under the facts shown by plaintiff's pleadings in this case a trover action could not be maintained in any court in any state." In short, defendant states a matter of jurisdiction as distinguished from venue. Although the term "jurisdiction" has often been applied to situations involving venue, yet there is a difference. That difference has been concisely stated in Neirbo Co. et al. v. Bethlehem Ship Building Corp., 308 U.S. 165, 167, 60 S.Ct. 153, 154, 84 L.Ed. 167, 128 A.L.R. 1437, as follows: "The jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a law suit—the place where judicial authority may be exercised—though defined by legislation relates to the convenience of litigants and as such is subject to their disposition. This basic difference between the court's power and the litigant's convenience is historic in the federal courts."

Also see Industrial Addition Association v. Commissioner of Internal Revenue, 323 U.S. 310, 313, 65 S.Ct. 289, 89 L.Ed. 260.

Measured by this standard, the matter here is one of jurisdiction as distinguished from venue. It is the power of the court to adjudicate rather than the particular court which shall exercise power.

■ These statutes are solely venue requirements. The courts of Missouri have never construed them to be otherwise. It is true that those courts have held that the distinction between local and transitory actions has been abolished except as stated in these and other statutes not here pertinent. Ingram v. Great Lakes Pipe Line Co., Mo.App., 153 S.W.2d 547, 550, and cases cited there. However, that has no relevancy to the matter of power to adjudicate determined in the Yoakum case.

■ We think that case is the only one announcing the rule in Missouri upon the issue here and that, upon such authority, the order of dismissal for want of jurisdiction must be and is

Affirmed.